965 F.2d 1064
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Lorenzo P. OLIVEROS, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3581.
 United States Court of Appeals, Federal Circuit.
 April 17, 1992.
 
 Before PAULINE NEWMAN, PLAGER and LOURIE, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 On April 21, 1990, Lorenzo P. Oliveros applied for an annuity under the Civil Service Retirement Act (CSRA). His application was twice rejected by the Office of Personnel Management (OPM). Oliveros appealed that decision to the Merit Systems Protection Board (MSPB or Board). The Administrative Judge (AJ) affirmed OPM's decision to deny benefits (Docket No. SE 8319110122, March 15, 1991). The decision of the AJ was modified and affirmed by the full Board on July 24, 1991. Oliveros appeals here. OPM moves to dismiss Oliveros' petition for review because it was untimely filed. We dismiss.
 
 DISCUSSION
 
 2
 On July 24, 1991, the Merit Systems Protection Board issued its final opinion and order in Oliveros' case. The return receipt indicates that the Board's order was received by Oliveros on August 5, 1991. Thirty-two days later, on September 6, 1991, the court received Oliveros' petition for review.
 
 
 3
 Pursuant to 5 U.S.C. § 7703(b)(1), "any petition for review must be filed within 30 days after the date the petitioner received notice of the final order or decision of the Board" (emphasis added). Oliveros' petition was filed two days late and, therefore, must be dismissed as untimely. Pinat v. Office of Personnel Management, 931 F.2d 1544, 1546 (Fed.Cir.1991).
 
 
 4
 Our review of the record presented by Oliveros on appeal further persuades us that Oliveros' appeal is without merit. A search of personnel records in the National Personnel Records Center revealed no record of any employment in a covered position on Oliveros' part. Since he brought forth no other evidence to substantiate his claim of covered employment, Mr. Oliveros failed to meet his burden of proving entitlement to benefits under later versions of the Civil Service Retirement Act. Alternatively, if the provisions of the 1920 Civil Service Retirement Act or the 1930 Amendments to that Act apply, Oliveros has not established the requisite 15 years' service in a classified position.
 
 
 5
 In conclusion, Oliveros' appeal before this court is dismissed as untimely filed. Parties to bear their own costs.